UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL RETIREMENT FUND

and

TRUSTEES OF THE NATIONAL
RETIREMENT FUND

and

UNITE HERE RETIREMENT FUND

and

TRUSTEES OF THE UNITE HERE
RETIREMENT FUND,
333 Westchester Ave., North Building
White Plains, New York 10604

         *Plaintiffs*,

v.

BEST WESTERN'S ALBANY AIRPORT INN
200 Wolf Rd.
Albany, NY 12205
         *Defendant*.

**COMPLAINT**

NO.  20-3741

---

Introduction

    1.    This is an action to collect contributions owed to the UNITE HERE Retirement Fund and the National Retirement Fund ("collectively referred to as the Pension Funds"). The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

Jurisdiction and Venue

2. The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Funds, who are fiduciaries under ERISA, seek to enforce provisions of Title I of ERISA that require employers to make contributions to a multiemployer pension plan according to the terms of the plan, 29 U.S.C. § 1145, and in accordance with a schedule of contribution rates that the Trustees, acting in their capacity as the plan sponsors of the Pension Funds, are required to implement pursuant to 29 U.S.C. § 1085(e)(3)(C)(ii)-(iv).

3. This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Funds are administered.

Parties

4. Plaintiff UNITE HERE Retirement Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff UNITE HERE Retirement Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Plaintiff UNITE HERE Retirement Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

5. Plaintiff National Retirement Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff National Retirement Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Plaintiff National Retirement Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

6. Effective as of January 1, 2015, the National Retirement Fund maintained two plans of benefits, known as the Legacy Plan and the Adjustable Plan.

7. Plaintiff UNITE HERE Retirement Fund is a successor to the National Retirement Fund as a result of transfers of certain assets and liabilities from the Legacy and Adjustable Plans of the National Retirement Fund to the Legacy and Adjustable Plans of the UNITE HERE Retirement Fund, as approved by the Pension Benefit Guaranty Corporation, and effective as of January 1, 2018.

8. Under the spin-off agreements between the UNITE HERE Retirement Fund and the National Retirement Fund which set forth the terms of the transfer of assets and liabilities between the Funds, employer contributions to the respective Legacy Plans of the Pension Funds were allocated such that contributions for the period prior to July 1, 2017 remained with the Legacy Plan of the National Retirement Fund and contributions to the Legacy Plan as of July 1, 2017 were allocated to the Legacy Plan of the UNITE HERE Retirement Fund. Contributions made on or after January 1, 2017 to the respective Adjustable Plans were allocated in full to the Adjustable Plan of the UNITE HERE Retirement Fund.

9. Plaintiff Trustees of the Pension Funds ("Trustees") are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

10. All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Funds are administered at that location, within the Southern District of New York.

11. Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Funds' participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

12. Defendant Best Western's Albany Airport Inn ("Defendant") is engaged in the restaurant and hospitality business ("Restaurant" and "Inn," respectively). It is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

13.     Defendant's principal business location is in Albany, New York.

Statement of Facts

14.     At all times relevant to this Complaint, Defendant has been party to a series of collective bargaining agreements ("CBAs") with affiliates of UNITE HERE ("Union"), covering various job classifications at the Best Western's Albany Airport Inn. The most recent CBA, effective from August 1, 2009 to July 31, 2012, is incorporated into this Complaint and attached as Exhibit A.

15.     Under the CBA, Defendant promised to make contributions to the National Retirement Fund for covered employees at rates specified therein. Specifically, the CBA provides that: "Pension contributions shall be made on behalf of all employees who are normally scheduled to work more than thirty (30) hours per week or five (5) days and have completed their 90-day probationary period with the Company. No pension contributions shall be made on behalf of any employee who is normally scheduled to work thirty (30) hours or less per week or five days with the exception of banquet house staff who are to be included in pension contributions." (Exhibit A at Article 15, pages 9 to 10.) This clause remains in effect despite the expiration of the collective bargaining agreement.

16.     In 2010, prior to the termination of the CBA that is attached as Exhibit A, the National Retirement Fund's actuary certified that the Pension Plan of the National Retirement Fund, which was renamed the Legacy Plan of the National Retirement Fund as of January 1, 2015, was in "critical status," as defined in ERISA, 29 U.S.C. § 1085(b)(2). The Trustees were therefore required to develop a "Rehabilitation Plan," pursuant to ERISA, 29 U.S.C. § 1085(e), for the purpose of improving the Legacy Plan's actuarial funding. One of the statutory requirements for such a Rehabilitation Plan is that the plan sponsor provide to all bargaining parties "one or more schedules showing revised benefit

structures, revised contribution structures, or both, which, if adopted, may reasonably be expected to enable the multiemployer plan to emerge from critical status. . ..." ERISA, 29 U.S.C. § 1085(e)(1)(B)(i).

17. The Trustees developed a Rehabilitation Plan that included both revised benefit structures and revised contribution structures, as ERISA required. The Trustees provided two alternate schedules to contributing employers and the unions with which they negotiate. One of those schedules is called the Preferred Schedule, and the other is called the Default Schedule. The Rehabilitation Plan adopted in 2010 is incorporated into this Complaint and attached as Exhibit B.

18. On June 1, 2010, Defendant and the Union signed a "Supplement to Collective Bargaining Agreement, Adoption of a Schedule Under the Rehabilitation Plan in 2010" which is incorporated into this Complaint and attached as Exhibit C. That Supplement recited that the parties amended their existing CBA to incorporate the Preferred Schedule. (Exhibit C, Part Three, Section I)

19. The Defendant thereafter made contributions in accordance with the Preferred Schedule.

20. In 2019, Plaintiffs conducted payroll audits of the Defendant's restaurant and hotel facilities (respectively, "Restaurant Audit" and "Inn Audit") to determine if the correct amounts were reported and paid for the period between February 1, 2017, and December 31, 2018 ("Audit Period").

21. The Inn Audit determined that a total of $27,144.33 in underreported principal contributions was owed for the audit period ("Inn Audit Delinquency"). The Inn Audit Delinquency also found $10,183.60 in interest and in liquidated damages. A true and correct copy of the Inn Audit report is attached hereto as Exhibit D.

22. The Restaurant Audit determined that a total of $391.58 in underreported principal contributions was owed for the audit period ("Restaurant Audit Delinquency"). The Restaurant Audit

Delinquency also found $137.11 in interest and in liquidated damages.   A true and correct copy of the Restaurant Audit report is attached hereto as Exhibit E.

23. By letter dated November 13, 2019, the Defendant was notified of the Inn Audit delinquency, interest, and liquidated damages and provided with supporting documentation. A true and correct copy of the November 13, 2019 letter regarding the Inn Audit which was sent by email is attached hereto as Exhibit F.

24. By letter dated November 13, 2019, the Defendant was notified of the Restaurant Audit delinquency, interest, and liquidated damages and provided with supporting documentation. A true and correct copy of the November 13, 2019 letter regarding the Restaurant Audit which was sent by email is attached hereto as Exhibit G.

25. Interest has continued to accrue on the unpaid Restaurant and Inn Audit delinquencies. An additional $814.33 accrued on the Inn Audit delinquency and an additional $11.75 accrued on the Restaurant Audit delinquency as of the end of January 2020. On January 13, 2020, Defendant was notified of these additional amounts and reminded of the outstanding amounts due. A true and correct copy of the January 13, 2020 email is attached hereto as Exhibit H.

26. By emails dated March 3, 2020, March 4, 2020, and March 16, 2020, the Defendant was again notified of the outstanding amounts due. A true and correct copy of the March 2020 series of emails is attached hereto as Exhibit I.

27. Despite repeated notice of the Audit amounts due, the Defendant has failed and refused to remit payment.

28. Pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), the Defendant owes additional ongoing interest on the delinquent principal that has accrued since January 2020.

29. In addition to the principal delinquencies, interest, and liquidated damages set forth above, Defendant owes to Plaintiffs attorneys' fees and costs of litigation, pursuant to 29 U.S.C. §1132(g)(2)(D).

30. Under ERISA, 29 U.S.C. § 1085(e)(3)(C)(ii), as well as the terms of the expired CBA and the collective bargaining parties' prior adoption of a schedule under the Rehabilitation Plan, Defendant is required to continue making contributions in accordance with the rates and provisions of the Rehabilitation Plan and the applicable schedule. The applicable schedule under the expired CBA was the adopted Preferred Schedule. 29 U.S.C. § 1085(e)(3)(C)(ii), (iii).

31. Defendant's failure to make contributions under the schedule of contribution rates set forth in the Rehabilitation Plan is treated as a delinquent contribution and is enforceable as such. 29 U.S.C. § 1085(e)(3)(C)(iv).

Claim for Relief

32. Plaintiffs reassert all the facts alleged in paragraphs 1 through 31.

33. Defendant's failure to remit the delinquent amounts to the Pension Funds owed as revealed by the Inn Audit and the Restaurant Audit is a breach of its obligation under the Preferred Schedule, which was lawfully implemented by the Pension Funds as required by 29 U.S.C. § 1085(e)(3)(C)(ii), (iii).

34. ERISA provides that a failure to make a contribution under a schedule of contribution rates imposed under 29 U.S.C. § 1085(e)(3)(C)(ii) "shall be treated as a delinquent contribution under [Section 515 of ERISA, 29 U.S.C. § 1145] and shall be enforceable as such." 29 U.S.C. § 1085(e)(3)(C)(iv).

35. The Trustees have a cause of action against employers under ERISA, 29 U.S.C. § 1132(a)(3), to collect delinquent contributions under section 515 of ERISA, 29 U.S.C. § 1145. In such an action the court "shall award" the plan the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs of the action, and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Prayer for Relief

WHEREFORE, Plaintiffs demand judgment against the Defendant for:

(a) Principal contributions in the amount of $27,535.91 for unpaid principal contributions for February 1, 2017, through December 31, 2018, as revealed by the audits described above, pursuant to 29 U.S.C. §1132(g)(2)(A);

(b) Interest in the amount of $5,645.60 for interest on the principal contributions owed on the amounts set forth in paragraph (a) calculated through January 2020 pursuant to 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages in the amount of $5,653.38 on the delinquent contributions set forth in paragraph (a), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C);

(d) Additional interest that has and will accrue since the end of January 2020 on the amounts set forth in paragraph (a) pursuant to 29 U.S.C. §1132(g)(2)(B) and (C); and

    (e)    attorneys' fees and costs, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(D).

                                        CLEARY, JOSEM & TRIGIANI LLP

BY: _____
       WILLIAM T. JOSEM, ESQUIRE
       CASSIE R. EHRENBERG, ESQUIRE
       325 Chestnut Street, Suite 200
       Philadelphia, PA 19106
       (215) 735-9099

Dated: May 13, 2020